UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MECO WAGNER** *Plaintiff,* <br><br> v. <br><br> **MCCLENNY MOSELEY & ASSOCIATES, PLLC, N/K/A MMA LAW FIRM, PLLC, AND ABC INSURANCE COMPANY** *Defendant.* | **CIVIL ACTION NO. 23-6901** <br><br> **SECTION: "D(2) "** |

## SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND REQUEST FOR JURY TRIAL BEFORE ANSWER

**NOW INTO COURT**, through undersigned counsel, comes, Plaintiff, **MECO WAGNER** (hereinafter "Plaintiff"), who files this Second Amended and Supplemental Complaint adding Defendant **Krause and Kinsman Trial Lawyers, LLP (K&K)** as an additional Defendant and in support thereof respectfully avers as follows:

I.

Plaintiff amends the suit caption to read:

| | |
|---|---|
| **MECO WAGNER** *Plaintiff,* <br><br> v. <br><br> **MCCLENNY MOSELEY & ASSOCIATES, PLLC, N/K/A MMA LAW FIRM, PLLC, ABC INSURANCE COMPANY, AND KRAUSE AND KINSMAN TRIAL LAWYERS, LLP** *Defendants.* | **CIVIL ACTION NO. 23-6901** <br><br> **SECTION: "D (2)"** |

1

II.

Plaintiff realleges and reavers all previous allegations in the Original Complaint and Request for Trial by jury as if restated herein in *toto*. Copies of the Original and First Amended Complaints are attached hereto as Exhibit "A" *in globo*.

## PARTIES

1.

Plaintiff is domiciled in Tangipahoa Parish, State of Louisiana and is of the full age of majority.

2.

Defendant, MMA, is a Texas limited liability company with its principal place of business in Harris County, Texas.

2A.

According to the Texas Secretary of State, the members of MMA are James A. McClenny, a citizen of Conroe, Texas and John Z. Moseley, a citizen of Houston, Texas. Please see Texas Secretary of State record attached hereto and identified as Exhibit "B".

3.

Defendant, ABC Insurance Company, is a foreign insurance company authorized to and doing business in the State of Louisiana. Upon information and belief, ABC Insurance Company is Allied World Insurance Company, a corporation organized and existing under the laws of Delaware and maintain its principal place of business in New York. Please see Louisiana Department of Insurance search report attached hereto and identified as Exhibit "C".

4.

Made additional Defendant, Krause and Kinsman Trial Lawyers, LLP ("K&K"), who is a Washington, D.C. limited liability partnership with its principal place of business in Kansas City, Missouri. Please see Washington, D.C. Secretary of State record attached hereto and identified as Exhibit "D".

4A.

According to the Washington, D.C. Secretary of State, the member, partner, or governor of K&K is Adam W. Krause, a citizen of Kansas City, Missouri. Please see Washington, D.C. Secretary of State record attached hereto and identified as Exhibit "D".

## JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction over this matter pursuant to 28 USC § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

6.

This Court has personal jurisdiction over Defendants because the parties are of diverse citizenship and because Defendants conducted business in the State of Louisiana and had sufficient material contacts in this state, at all material times. The diversity of the parties is established as follows:

a. Defendant, MMA, is a Texas limited liability company with its principal place of business in Harris County, Texas. For purposes of diversity of citizenship, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008);

*Carden v. Arkoma Associates*, 495 U.S. 185, 110 S.Ct. 1015, 1021 (1990). The members of Defendant, MMA, are James A. McClenny, a citizen of Conroe, Texas and John Z. Moseley, a citizen of Houston, Texas. *See* Exhibit "B".

b. Defendant, Allied World Insurance Company, a corporation organized and existing under the laws of Delaware and maintain its principal place of business in New York. *See* Exhibit "C".

c. Defendant, K&K, is a Washington, D.C. limited liability partnership with its principal place of business in Kansas City, Missouri. For purposes of diversity of citizenship, the citizenship of a limited liability partnership is determined by the citizenship of its members, partners, or governors. The sole partner of Defendant, K&K, is Adam W. Krause, a citizen of Kansas City, Missouri. *See* Exhibit "D".

d. Plaintiff is a Louisiana citizen.

7.

Venue is proper in this Court pursuant to 28 USC § 1391.

**FACTS**

8.

On or about August 29, 2021, Hurricane Ida caused extensive and catastrophic physical damage to Plaintiff's property located at 19028 Greenleaf Circle, Ponchatoula, Louisiana 70454 (the "Property").

9.

At all times relevant to this matter, Plaintiff had flood insurance written through American Banker Insurance Company of Florida (ABIC) providing coverage for the Property, bearing policy number 74060347052020.

10.

After being provided notice of the extensive damage caused by the flooding, ABIC arbitrarily and capriciously underestimated the damage to Plaintiff's property and failed to honor its obligations under Plaintiff's Policy, including, among other ways, by denying and/or underpaying Plaintiff's insurance claim, and by failing to pay the full amounts due and owing to Plaintiff under the Policy within time period(s) presented by law. ABIC has since continued unfairly and improperly in delaying action and denying payment of the full amount owed to Plaintiff under the Policy, all of which remains due and owing to Plaintiff under the subject Policy.

11.

Plaintiff retained the services of Defendants to represent her in the underlying flood claim for the damages to the Property and for ABIC's breach of contract and statutory violations and penalties under La. R.S. 1892 and La. R.S. 22:1973 (hereinafter the "the Underlying Claim").

11A.

K&K is identified as co-counsel, along with MMA, in the MMA Retention Agreement with Plaintiff.

12.

On June 7, 2022, retained the Defendants to pursue her claim against ABIC.

13.

Defendants never filed suit and the case prescribed.

14.

An attorney-client relationship existed between Plaintiff and Defendants at the time Defendants should have filed a lawsuit to preserve Plaintiff's rights and claims against ABIC in the Underlying Claim. Specifically, Defendants had a duty to file a lawsuit to interrupt the prescription deadline. As a result, Defendants waived Plaintiff's right to sue ABIC in the Underlying Claim.

15.

Defendants herein was negligent in the following non-exclusive particulars:

1) Failing to file a lawsuit to prosecute and preserve Plaintiff's rights and claims against ABIC for Plaintiff's damages;

2) Failing to take any action to interrupt the prescription of Plaintiff's claims against ABIC in the Underlying Claim;

3) Failing to take any steps to prosecute the case;

4) Failing to advise Plaintiff of their negligent conduct;

5) Continuing to represent Plaintiff without informing her of her rights against it;

6) Violating the ethical and professional rules governing the conduct of lawyers in the state of Louisiana;

7) Intentionally misleading Plaintiff as to their breach of their duties to her as a client;

8) Intentional or negligent concealment of the malpractice act(s) to include, but not by way of limitation, failing to inform Plaintiff of their negligent act(s) which could be construed as fraud by intentional concealment of the malpractice act(s); and

9) Other acts of negligence, unethical and unprofessional conduct to be demonstrated at the time of the trial herein.

16.

The negligent conduct and legal malpractice of Defendants have caused the following non-exclusive damages to Plaintiff; and, Defendants have breached its duty of ordinary care owed to Plaintiff in one or more of the following ways:

1) The loss of all damages Plaintiff was entitled to recover from ABIC in the Underlying Claim;

2) All damages legally recoverable under Louisiana law for breach of contract;

3) All penalties and attorney fees Plaintiff was entitled to recover against ABIC in the Underlying Claim;

4) Statutory Violations and Penalties under La. R.S. 22:1892 and La. R.S. 22:1973;

5) Pre-judgment and post judgment interest;

6) All costs, expert fees, and other expenses of these proceedings;

7) All pre-judgment interest in the claims against the defendants in the Underlying Tort Claims;

8) Damages and attorney fees for ABIC's bad faith conduct; and

9) All other elements of damage to be proven at the time of trial.

17.

Upon information and belief, Defendant Allied World Insurance Company had in effect a policy and/or contract of insurance to MMA, K&K and/or its employee, agent, staff or otherwise, the members of MMA James A. McClenny and John Z. Moseley, and the partner of K&K Adam W. Krause, for claims of the nature herein asserted under the Louisiana Direct Action Statute, which is liable *in solido* with its insured for all amounts owed by it to Petitioner.

## JURY REQUEST

18.

Plaintiff is entitled to and hereby demands trial by jury.

**WHEREFORE**, Plaintiff, **MECO WAGNER**, prays that Defendants, **MCCLENNY MOSELEY & ASSOCIATES, PLLC, now known as MMA-PLLC Law Firm (MMA), Allied World Insurance Company, and Krause and Kinsman Trial Lawyers, LLP (K&K),** herein be served with this Second Amended Complaint and Exhibits attached thereto, and Summons, and that after due proceedings are had that there be a judgment in favor of Plaintiff against the Defendants for all damages to be determined by the evidence plus all costs, expert fees, pre and post judgment interest and all other damages to which plaintiff is entitled to recover.

Plaintiff further prays for such other and further relief as may be proper and this Honorable Court is competent to grant.

Respectfully submitted,

THE CHOPIN LAW FIRM LLC

/s/ Richard A. Chopin
**RICHARD A. CHOPIN, T.A. (La. 4088)**
**JUSTIN M. CHOPIN (La. 31100)**
**ADAM P. SANDERSON (La. 31312)**
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone:   Dick Direct:   504-229-6682
             Justin Direct: 504-229-6681
             Adam Direct:   504-517-1675
Facsimile:   504-324-0640
E-mail:      Rchopin@Chopin.com
             Justin@Chopin.com
             Adam@Chopin.com

*Attorneys for Plaintiff, Meco Wagner*

8